ANDREWS v. FOSTER et al.
STUART v. SAME.
STEIMLE v. SAME.

No. 16373.

Court of Appeal of Louisiana. Orleans.
Nov. 16, 1936.

For former opinion, see 169 So. 103.

St. Clair Adams & Son, of New Orleans, for appellees.

H. W. & H. M. Robinson, of New Orleans, for appellants.

McCALEB, Judge.

A rehearing was granted in these consolidated cases, limited, however, to the question of the quantum of damages awarded by us in our original opinion, see 169 So. 103, except that in the Andrews Case a rehearing was granted for the purpose of reconsidering the question of contributory negligence on the part of Neil Andrews.

A re-examination of the evidence concerning the contributory negligence of Neil Andrews convinces us that our former decree was correct and that Neil Andrews was not guilty of any fault in the premises.

Therefore, being of the opinion that the defendants are liable, the only question remaining for our reconsideration is whether the damages allowed on first hearing are excessive.

It is conceded by both sides that our previous decree was incorrect in awarding Neil Andrews a judgment against the Great American Indemnity Company for $150 representing damages to the Andrews automobile because the policy of insurance only covered the defendant, J. C. Foster, for legal liability imposed upon him by law as a result of personal injuries sustained by the public.

A further examination of the record convinces us that we erred in granting Andrews a judgment for the damage to his automobile. The sole evidence in the record concerning this is contained in the testimony of Andrews himself. He testified, in substance, that he had purchased the Ford sedan about seven months prior to the accident for $200; that as a result of the collision the whole side of the car was damaged, the chassis bent, the tires blown out, the wheels and doors twisted, and the glass mashed in. The car, after the accident, was taken to a garage at Norco and about three weeks later Andrews went to look at it and he states that in his opinion the automobile could not be repaired. However, he does not pretend to be an expert on this score and no other evidence was produced by him to prove that the automobile is a total loss. Under these circumstances, it is impossible for us to say whether the automobile is a total loss and to grant him a judgment for its value. Moreover, if the car is not a total loss, we are unable to find the extent of its damage.

It is a plain duty of the plaintiff, in all damage suits, to minimize his loss and Andrews did not have the right to decide for himself that the automobile was

worthless but should have produced expert testimony on this point. Undoubtedly he is entitled to recover the value of the automobile if it became a total loss as a result of the accident or to have judgment for the necessary repairs in the event it was not a total loss. But he has failed in both respects to prove the damage to the automobile by a fair preponderance of evidence. For this reason, his demand for the value of the automobile must be rejected as of nonsuit.

◼ Respecting Andrew's claim for personal injuries suffered by him, a reexamination of the transcript reveals that he suffered a laceration of the right cheek, contusion of the shoulder, and brush burns. He was taken to the Charity Hospital where the cut on the right side of his face was sutured. He did not go to bed but reported to the hospital's outpatient department twice after the accident in order to have the cut dressed and the sutures removed. It does not appear that he lost any time from his work or that he had the services of a physician. Concerning the scar on his face, the district judge says:

"The scar is hardly discernable from the distance that the court sits from the witness, which is approximately 5 feet— that when the witness looks perfectly straight ahead of him I can't see it at all, because the skin covers it."

On the whole, there is nothing to show that the injuries received by Andrews were serious or that they consisted of more than ordinary lacerations, contusions, and bruises. While there is no set standard in the award of damages, this court has uniformly held that the compensation allowed for ordinary contusions and bruises is between $200 and $300 and we believe that an allowance of $300 to Andrews for his injuries will fully compensate him for his pain and suffering.

◼ With regard to the injuries suffered by A. B. Stuart, we find that the testimony of his physician, Dr. Daniel J. Murphy, who visited him on the day after the accident, shows that Stuart was lying prostrate in bed suffering with concussion of the brain, fracture of the eighth rib on the right side, brush wounds of the back and elbows, contusions and laceration of the forehead, the right hand, and index finger. The physician treated Stuart for these injuries by prescribing rest in bed for three days with ice cap to the head, sedatives, adhesive strapping for the chest, mercurochrome and dressings for the wounds. Stuart made five visits to the doctor's office for treatment to his broken rib. The testimony impresses us with the fact that Stuart was injured more severely than the other two plaintiffs and that he suffered intense pain for at least two or three weeks. We allowed him in our previous judgment the sum of $1,000 for all items of damages claimed and we are not disposed to reduce this amount as we consider it to be fair in view of all of the circumstances of the case.

◼ With reference to the injuries suffered by Charles Steimle, we believe that our previous award of $1,500 damages is excessive. Steimle's injuries are quite similar to those of Neil Andrews. He suffered, according to the Charity Hospital report, lacerations of the face, contusions of the scalp and hematoma right temporal region. The lacerations to his face were sutured and the scar on his face is practically invisible. It does not appear that he ever went to a doctor and his petition alleges that he was disabled from work for a period of two weeks only. Under these circumstances, we believe that an allowance of $500 would be just.

For the reasons assigned, our former judgment in favor of Neil Andrews and against the defendants, J. C. Foster and Great American Indemnity Company, is hereby amended by dismissing Andrews' claim for damages to his automobile as of nonsuit, and by reducing the amount of the award to Andrews from $900 to $300, and as thus amended our original opinion and decree herein are reinstated as the final judgment of this court.

It is further ordered that in the case of Albert B. Stuart our original opinion and decree herein are reinstated as the final judgment of this court.

And, in the case of Charles Steimle, it is further ordered that our former judgment is hereby amended by reducing the amount of the judgment from $1,500 to $500, and as thus amended our original opinion and decree herein are reinstated as the final judgment of this court.

Original decree amended and reinstated.