**BETZ v. TIBO et al.**

No. 17298.

Court of Appeal of Louisiana. Orleans.

April 22, 1940.

Wm. J. White and L. Julian Samuel, both of Gretna, for appellant.

Rosen, Kammer, Wolff & Farrar, and Ernest M. Conzelmann, all of New Orleans, for appellees.

McCALEB, Judge.

The plaintiff, Charles Betz, Jr., brought this suit against the defendant John Tibo and his liability insurance carrier, Maryland Casualty Company, to recover damages for personal injuries and property damage sustained by him as a consequence of an automobile accident which occurred on the public highway on the west bank of the Mississippi River in Jefferson Parish when a Buick Sedan, owned and operated by him, collided with a Dodge Sedan belonging to Tibo.

Plaintiff alleges in his petition that, on January 10, 1938, at about 11:45 a.m., he was driving his Buick Sedan from Gretna, Louisiana, in the direction of Marrero, Louisiana, at a lawful rate of speed on the right hand or riverside of the paved Old Spanish Trail Highway and on the right hand or riverside of the black line which marks the center thereof; that at that time a large truck belonging to one Gauthier was proceeding along the highway in the opposite direction or towards Gretna; that the Dodge Sedan, owned and operated by the defendant Tibo, was following closely behind the Gauthier truck and that, as the Buick was passing the truck, the defendant Tibo, suddenly and without warning, swerved his Dodge from behind the truck to the river or left hand side of the highway directly in the path of the Buick and crashed into the left front of it. He further avers that the accident was caused solely by the fault of Tibo in that he was driving the Dodge at an excessive rate of speed and in a careless and reckless manner and in that he failed to have his car under control and exercise a proper lookout. He further alleges that, as a consequence of the accident, he has suffered serious and permanent bodily injuries; that his automobile sustained considerable damage and that, in view of Tibo's negligence, he is entitled to recover from the defendants the sum of $11,443.-46.

The defendants, in their answer, admitted the happening of the accident but denied that it was caused in the manner alleged by the plaintiff. They set forth that Tibo was driving his Dodge car at a lawful rate of speed on the right hand or woodside of the highway proceeding towards Gretna and was following the truck belonging to Gauthier; that the plaintiff was approaching from the opposite direction at a high and reckless rate of speed; that, as plaintiff neared the Gauthier truck, while driving in such fashion, he overtook and passed another vehicle which was proceeding in the same direction as he was going; that, in so doing, he veered the Buick car to the left or wrong side of the road; that the driver of the Gauthier truck, seeing the Buick car coming towards him at a rapid rate of speed and feeling that, if he continued forward in the roadway, a head-on collision between the Buick and his truck would occur, immediately steered the truck towards the right shoulder of the road and jammed on his brakes in an effort to avoid a collision and that, as he did so, the Buick car, which had not regained its proper side of the road and which was straddling the black line in the center thereof, passed the truck and crashed into Tibo's car which had skidded towards the center of the highway as a result of a quick application of its brakes by the driver. They further averred that the action of the plaintiff, in leaving the proper side of the road in order to pass another vehicle, created an emergency which caused the driver of the Gauthier truck to suddenly slow down in order to avoid a collision; that, as a consequence, Tibo was likewise compelled, because of the sudden action taken by the driver of the Gauthier truck, to apply his brakes in order to avoid striking the truck in its rear and that, when he did so, his Dodge skidded to his left to about the center of the highway where it was struck by the Buick car as a result of plaintiff's fault in attempting to pass another automobile on the highway at a time when he should have realized that it was unsafe to do so.

In the alternative, the defendants pleaded that, if it should be found that Tibo was at fault in any particular, then plaintiff should

nevertheless be barred from recovery because he was guilty of contributory negligence in that he was driving his Buick car in a careless manner and in willful and wanton disregard of the rights of others and at such a speed as to endanger the lives and property of others and that he recklessly attempted to overtake and pass another vehicle traveling in the same direction at a time when the left hand side of the road was not free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be done in perfect safety.

After a trial of the case on its merits, there was judgment dismissing plaintiff's suit at his cost. This appeal has been prosecuted from the adverse decision.

It will be seen from a statement of the pleadings in the case that the main issues to be determined are ones of fact and, as is not uncommon in matters of this kind, the testimony given by the parties and their witnesses at the trial is, for the most part, conflicting.

The plaintiff testified, in substance, that, as he was proceeding on the right hand side of the highway in the direction of Marrero, he passed a Chevrolet automobile at a point about two blocks outside of the limits of the City of Gretna; that, after passing this automobile, he saw a truck about two blocks away coming towards him from the opposite direction; that he continued forward on his right hand or proper side of the highway and that he had just passed the truck when another automobile, which was following the truck, shot out from behind it, ran over upon the wrong, or plaintiff's, side of the road directly in the path of his Buick car and collided with it. He further stated that, at the time of the collision, he was driving at a speed of between 30 and 35 miles per hour and that he did not know the speed of the truck which he passed or the speed of the Dodge automobile which struck him.

Edward Roux, a witness for plaintiff, testified that he was driving a Chevrolet car ahead of and in the same direction in which plaintiff was traveling; that plaintiff blew his horn and passed him; that he saw a truck approaching from the opposite direction about 70 yards beyond and that Tibo was coming about 20 yards from him. He further says that he saw Tibo swerve out and hit the left fender of the Buick; that, after the accident, he stopped and asked Tibo what was the matter and that

the latter said that he meant to pass the truck. This testimony was given by Roux on direct examination and it will be observed from his statement that he is very much confused as to the manner in which the accident happened. On cross-examination, he contradicted himself in so many particulars that it is impossible for us to discern from the transcript what he actually saw or whether, in truth, he was an eye-witness to the occurrence. For this reason, we are unable to give his evidence any weight whatever and are compelled to eliminate it from our consideration of the facts of the case.

The only other witness produced by plaintiff, excepting the testimony of the physicians who treated him and the mechanic who made an estimate of the damage to his Buick car, is Mr. W. R. White of Gretna. Mr. White did not see the accident and merely testified that, shortly after the occurrence he heard the defendant Tibo tell the plaintiff that he was sorry the accident had happened and that it occurred through his fault.

The testimony of the defendants portrays an entirely different picture of the occurrence. In support of the contentions made in their answer, they produced, in addition to the evidence of Tibo, the following witnesses: Hessie Mims, a negro preacher, Ralph Gervais, the driver of the Gauthier truck, and Raymond Ronquillo, a passenger in the truck.

Mims testified that, just before the accident, he was driving a Ford car in the same direction as plaintiff; that the Buick was traveling behind his Ford; that it overtook the Ford and passed it at a speed of 60 miles per hour. The same observations, which have been previously made with respect to the testimony of plaintiff's witness Edward Roux, are likewise applicable to the statement given by Mims. A reading of his declaration reveals that he was very confused on the stand and that he contradicted himself on so many occasions as to render it impossible for us to determine whether he actually saw the occurrence or not. We therefore eliminate his evidence in considering the facts of the case.

The defendant Tibo testified that he was driving his Dodge car on the highway in the direction of Gretna; that it was raining and the road was very slippery; that he was following a green truck owned by Sidney Gauthier; driving about 50 or 75.

feet behind it at a speed of about 25 miles per hour; that he did not see the oncoming Buick car until just at the moment the accident occurred but that, a few seconds before the accident, the Gauthier truck, which was traveling in front of him, suddenly pulled over to the right hand shoulder of the road and came to a stop; that, feeling that he would crash into the rear of the truck, he applied his brakes; that, when he did so, his automobile skidded towards the left over the center line of the road; that the left front wheel and part of the front of his car were over the center line and that, when he was in this position, the plaintiff's car, which had just passed the truck and which was traveling with its left wheels over the center line, struck the front of his car.

Ralph Gervais, the driver of the Gauthier truck, testified that he was proceeding towards Gretna on the right side of the black line located in the center of the roadway; that, just as he reached a point opposite the railroad car shop, he saw the Buick car, which had been proceeding behind a Model "A" Ford car on the riverside of the highway, pull over to the left hand side of the roadway and attempt to pass the Ford car; that the Buick was traveling at a speed of about 50 miles per hour and that, at the time it was passing the Ford car, it was about a hundred feet away from his truck and heading towards it; that, in view of the short space within which the Buick had to regain its proper side of the road, he was of the belief that it would collide with his truck; that, in order to avoid an accident, he slowed down the speed of his truck to 10 miles per hour and swerved it over to the shoulder of the right side of the road; that, just as he did so, the Buick, which was still coming towards him, passed his truck and that, at that time, it had not fully regained its proper side of the road but was straddling the black line in the center of the highway. He further says that, just as the Buick passed him, he heard an impact and that he thought that the automobile had collided with the rear end of his truck because it had passed so close to him and that, as soon as the collision had taken place, he discovered that the Buick had struck the Dodge automobile driven by Tibo. The evidence of this witness is substantially corroborated by the statement of Raymond Ronquillo, who was seated in the front of the Gauthier truck at the time of the accident.

■ The first point to be decided in the case is whether, under the foregoing evidence, the defendant Tibo was guilty of negligence. We think that this question must be answered in the affirmative as we find that the statement given by Tibo at the trial is, in itself, sufficient to warrant the conclusion that he was at fault. According to his testimony, he was driving his Dodge car on a wet and slippery road at a speed of 25 miles per hour, traveling at a distance of between 50 to 75 feet to the rear of the Gauthier truck. He further says that when the Gauthier truck slowed down abruptly, he was compelled to apply his brakes suddenly so as to avert striking it in the rear; that, when he did so, his automobile skidded towards the left over the center traffic line and that part of it was in the lane devoted to the use of traffic proceeding in the opposite direction. We conclude that it was negligent for him, under the surrounding circumstances, to travel in such close proximity to the rear of the truck since it should have been apparent to him that, in case the truck driver was required to act suddenly in an emergency, he would be unable to bring his car to a stop with safety because of the wet and slippery condition of the roadway. Rule 8, Paragraph (a), of Section 3 of Act 286 of 1938, designated as the "Highway Regulatory Act of 1938", which repealed and superseded Act 21 of 1932, provides as follows: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway."

It is patent to us that Tibo, in driving his Dodge car in the fashion he describes, was guilty of a violation of the above quoted rule and that he should have anticipated that, in view of the condition of the highway, the sudden application of his brakes in an emergency would cause his car to skid precisely in the manner in which it did and thereby expose himself and other traffic to peril. In Dupuy et al. v. Godchaux Sugars, Inc., La.App., 184 So. 730, 733, we stated: " * * * regardless of statute or other law, every driver must at all times so operate his vehicle as to be able to stop before crashing into a preceding vehicle which may be required, because of

emergency, to make a sudden stop, or unexpectedly to reduce its speed."

While we are of the opinion that the defendant Tibo was at fault in driving too close to the rear of the Gauthier truck and that his dereliction in this respect had causal connection with the accident, we are also convinced that the evidence contained in the record amply justifies the resolution that the plaintiff was guilty of such gross contributory negligence as to bar his recovery.

The plaintiff would have us believe that he overtook and passed an automobile, which was traveling in the same direction, approximately two blocks from the point at which the accident occurred; that, for the space of those two blocks, he was traveling on the right hand or riverside of the road and that the four wheels of his automobile were to the right of the black center line dividing the highway. In fact, his testimony is that, while he was thus driving at a speed of between 30 to 35 miles per hour and had just passed the Gauthier truck, Tibo carelessly swerved the Dodge car to the left hand side of the road directly in the path of his Buick Sedan.

In order to adopt plaintiff's version of the accident, we would be forced to eliminate entirely from consideration the testimony given by Gervais and Ronquillo, (apparently disinterested witnesses) who were in the Gauthier truck, as well as that of the defendant Tibo. This we cannot do because we think that the testimony given by the occupants of the Gauthier truck is not only highly credible but that it gives a true picture of the circumstances and conditions obtaining just prior to, and at the time of, the accident. It seems quite unlikely to us that Gervais, the truck driver, would have slowed down the speed of his truck and would have swerved it onto the shoulder of the road without having good cause to believe that an emergency existed and unless he was convinced that a collision between the truck and the Buick was imminent. He stated at the trial that, at the time the plaintiff was passing another vehicle going in the same direction, he (plaintiff) was traveling on the wrong side of the road at a speed of about 50 miles per hour and that he was then only approximately a hundred feet away from the Gauthier truck. If this be true, and we are satisfied that it is substantially correct, plaintiff was clearly guilty of violating Sub-Section (c) of Rule 7 of Section 3 of Title 2 of Act 286 of 1938, which provides as follows: "The driver of a vehicle shall not drive to the left side of the center line of the highway in overtaking and passing another vehicle traveling in the same direction, unless such left side is clearly visible *and free from oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in perfect safety;* provided, that whenever an accident occurs under such circumstances, the responsibility therefor shall rest prima facie upon the driver of the vehicle doing the overtaking or passing." (Italics ours)

Gervais' estimation that, at the time the plaintiff attempted to pass the other car, the Buick was a hundred feet away from the Gauthier truck, is severely criticized by counsel for plaintiff and they argue that this statement is untrue because, in view of the speed maintained by plaintiff's car and that of the Gauthier truck, it would have been physically impossible for the Buick to have regained any portion of its proper side of the road in sufficient time to avert a collision with the Gauthier truck. However, if we assume that Gervais is mistaken in his calculations of the distance between the vehicles, we cannot see that such an error on his part would be a valid ground for discrediting his testimony. On the contrary, we find that his testimony coincides with the physical facts of the case and is in strict agreement with the reasonable probabilities surrounding the happening of the occurrence. It is also obvious that, whether the plaintiff was a hundred or two hundred feet away from the Gauthier truck at the time he passed the other car, is not of material importance since the evidence convinces us that he was within such close proximity to the Gauthier truck as to cause the driver thereof to believe that he would be unable to regain the proper side of the roadway in sufficient time to avoid an accident.

Moreover, the testimony in the case warrants a finding that the plaintiff was driving his car at an excessive rate of speed because of the hazardous conditions prevailing on the highway at the time of the accident. While plaintiff admits that he was traveling 30 or 35 miles per hour, Gervais and Ronquillo estimate his speed to be at least 50 miles per hour. Assuming, for the purpose of discussion, that plaintiff's estimate is correct and that the calculations of the occupants of the truck are slightly exaggerated, we are neverthe-

less of the opinion that plaintiff's speed was reckless in view of the wet and slippery condition of the highway and close proximity of the Gauthier truck, which was approaching from the opposite direction.

We also think that the transcript supports the conclusion that plaintiff's car never entirely regained its proper side of the highway prior to the happening of the accident. Gervais testified that, when the Buick passed him, it was straddling the center line of the road and Tibo's statement is to the same effect. This testimony, in our opinion, clearly preponderates over the contrary declaration given by the plaintiff.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

JANVIER, J., absent, takes no part.