## HENRY v. HENDERSON et al.

### No. 6177.

Court of Appeal of Louisiana. Second Circuit.

Nov. 29, 1940.

Rehearing Denied Jan. 13, 1941.

Heard & Heard, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellees.

TALIAFERRO, Judge.

This is a companion suit to No. 6178 on the docket of this court, styled, Marvin Phillips et al. v. Mrs. Lucille Anderson Henderson et al., 200 So. 192, decided today. The cases were consolidated for trial in the lower court and here.

Plaintiff was a guest passenger in Mrs. Henderson's car when the accident alleged upon occurred. He sustained physical injuries and sues Mrs. Henderson, her insurer, and Mrs. Audrey Miller for damages, for loss of earnings and for physician's bill and cost of X-ray picture.

The pleadings and issues of this case are identical with those in suit No. 6178.

Plaintiff was awarded judgment against Mrs. Miller alone for $355 to compensate him for pain and suffering and to reimburse expenses incurred in treating his injuries. He appealed and here complains of the quantum and of the rejection of his demand against Mrs. Henderson and her insurer.

Plaintiff was carried to Dr. Gallaspy in the City of Monroe immediately after the accident. He was then experiencing considerable pain. X-ray pictures disclosed a fracture of the right fifth rib with slight displacement and also a fracture of the ninth rib. These injuries produced severe

pain and disabled him to work for eight weeks. During this period he was under the watchcare of his physician and was administered appropriate treatment.

■ For pain and suffering the lower court allowed only $300. This is obviously inadequate. An award of $700 will be more nearly in keeping with the jurisprudence covering cases of this and similar character. Crozat v. Toye Bros. Yellow Cab Co., La.App., 145 So. 60; Andrews v. Foster et al., La.App., 170 So. 563; Mason v. Herrin Transfer & Warehouse Company, Inc., La.App., 168 So. 331.

■ The lower court specifically rejected plaintiff's demand for loss of income. His counsel in brief admits that the testimony offered to establish this loss is vague. This admission is well supported by the record. The testimony adduced on this phase of the demand is not sufficiently specific to serve as a basis of a judgment.

For the reasons herein assigned, and for those assigned in said suit No. 6178, the judgment appealed from is amended by increasing the amount thereof to $755, and as thus amended, said judgment is affirmed with costs.