184 So.2d 241 (1966)
Esco PIERCE and Mrs. Ophelia Pierce
v.
HARTFORD ACCIDENT & INDEMNITY CO., and Central Mutual Insurance Co., and Robert N. Baham.
No. 6576.
Court of Appeal of Louisiana, First Circuit.
February 28, 1966.
Rehearing Denied April 4, 1966.
Writ Refused May 19, 1966.
*242 Tom H. Matheny of Pittman & Matheny, Hammond, David W. Robinson, of Watson, Blanche, Wilson, Posner & Thibaut, Baton Rouge, for appellants.
L. B. Ponder, Jr., of Ponder & Ponder, Amite, for appellees.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
REID, Judge.
Plaintiffs, husband and wife, brought this suit against Hartford Accident and Indemnity Company, Central Mutual Insurance Company and Robert N. Baham for damages sustained by Mrs. Pierce, and for damages, medical expenses and other special damages suffered by Esco Pierce as a result of an accident which happened in Hammond, Louisiana, on February 18, 1963, when Mrs. Pierce was a guest passenger, riding with Mrs. Homer Graves of Varnado, Louisiana, who was driving a Cadillac automobile owned by L. B. Aldridge, Jr. The case was tried on February 26, 1964, and left open for the purpose of obtaining medical testimony.
Subsequently, plaintiffs filed a second supplemental and amended petition alleging that the defendant Robert N. Baham was *243 an uninsured motorist, that he did not have an insurance policy on his vehicle, and that therefore under the provisions of LSA-R.S. 22:1406 he is an uninsured motorist and the defendants, Hartford and Central Insurance Companies policies would inure to the benefit of the plaintiffs.
The Hartford Accident & Indemnity Company filed a motion to strike and a peremptory exception. The Central Mutual Insurance Company also filed a peremptory exception. These exceptions were argued and submitted to the Court, each party having ten days in which to file memorandum briefs.
The Lower Court rendered judgment on March 19, 1965 in favor of Esco Pierce and against all three defendants insolido in the sum of $439.06 with legal interest from date of judicial demand until paid, and costs, and in favor of Mrs. Ophelia Pierce and against the defendants, insolido, in the sum of $5000.00 with legal interest from date of demand, and further rendered judgment dismissing the third party demand of Hartford Accident Indemnity Company against Robert N. Baham. The Court fixed the expert witnesses fees but did not pass on the exceptions filed by the two insurance company defendants. Judgment was signed in accordance with this judgment on the same date.
The Hartford Accident and Indemnity Company and the Central Mutual Insurance Company filed a motion for a new trial. A hearing was held on April 28, 1965. The Lower Court reopened the case and referred the exceptions to the merits.
The matter was resubmitted to the Court on May 14, 1965 and on that date the Court rendered a new judgment in the same amounts as previously rendered and dismissed the third party demand of Hartford against Baham and rendered judgment on the excess of the award against Central Mutual Insurance Company.
Defendants appealed from this decision to this Court.
The appellant Hartford Accident and Indemnity Company of Hartford, Connecticut, listed some eight errors by the Trial Judge, namely that the Court failed to distinguish whether the judgment was against the Hartford Accident and Indemnity Company on the basis of the uninsured motorist's clause in the policy, or because of negligence on the part of Mrs. Graves, that if the finding was based on negligence of Mrs. Graves it was in error; if the finding was based on the uninsured motorist's clause the Court erred in failing to sustain defendants' peremptory exceptions and motion to strike in allowing the second supplemental and amended petition to be filed and allowing the testimony of Robert N. Baham to be made a part of the record; the Court erred also in failing to find that the negligence of Robert N. Baham was the sole and proximate cause of the accident; further that in the alternative if the Court based its judgment on the negligence of Mrs. Graves the Court erred in failing to find contributory negligence on the part of Mrs. Pierce which would bar recovery; further, that if the Court based the judgment on the negligence of Mrs. Graves the amount awarded was far in excess of the amount proven on the trial of the case; and last the Court erred in dismissing the third party demand of Hartford against Robert N. Baham.
The facts are almost undisputed. On the day of the accident Mrs. Pierce was a guest passenger of Mrs. Graves who was driving Mr. Aldridge's car to Baton Rouge to pick up Mrs. Aldridge and bring her home from the hospital. Mrs. Graves came from Bogalusa to Covington, then entered Highway 190 and was traveling west toward Baton Rouge. She arrived in Hammond and continued her westward journey on Highway 190 which is Thomas Street in Hammond. Between nine and ten o'clock in the morning within the city limits of Hammond Mrs. Graves had been following a truck and when they reached a point approximately at or near the intersection of Thomas Street and Mooney Avenue the truck either *244 stopped or was slowing down considerably for traffic and Mrs. Graves applied her brakes and brought the Cadillac to a stop, or practically to a stop.
Robert N. Baham, one of the defendants, was traveling the same direction as Mrs. Graves and was traveling behind her. The Baham vehicle rammed the Graves vehicle causing the damage to Mrs. Pierce and the damage to the automobile of Aldridge.
The Hartford Accident & Indemnity Company was the insurer of the Aldridge car, and The Central Mutual Insurance Company was the insurer of Mr. Graves, husband of Mrs. Graves.
The Lower Court filed no written reasons for the judgment, and we are unable to discern on what basis the Court made his findings. However, we are going to take up the question first of the uninsured motorist clause, and the question of whether the peremptory exception should have been sustained.
On the question of whether the facts come under the uninsured motorist clause, the policies of insurance of both defendants were effective before the effective date of the Act providing for uninsured motorist. LSA-R.S. 22:1406 as amended by Act 296 of 1960 and Act 187 of 1962 reads as follows:
"D.(1) No automobile liability insurance covering liability arising out of ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana, under provisions filed with and approved by the Commissioner of Insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage."
Section 2 of Act 187 of 1962 reads as follows:
"This Act shall become effective at 12:01 A.M. on October 1, 1962."
The policies in question do not contain any provision for the uninsured motorist coverage. These policies were both written before the effective date of this Act and do not contain this clause and do not come under the provisions of this Act. Counsel for plaintiff appellee attempts to read into the policy the provisions of the uninsured motorist act and ignore the effective date, namely, October 1, 1962. The accident in question happened on February 18, 1963 while these policies were in effect. The Hartford Indemnity policy was dated July 18, 1962 and would not expire until July 18, 1963. The policy of Central Mutual Insurance Company became effective May 6, 1962 and did not expire until May 6, 1963.
We, therefore, feel that the Lower Court erred in permitting the amendment to the second supplemental and amended petition to be filed and if the decision was based on the uninsured motorist clause it was wrong in allowing coverage under LSA-R.S. 22:1406, as amended by Act 187 of 1962.
This brings us to the main issue of the case, and that is, what was the proximate cause of the accident. Robert N. Baham did not appear at the original trial. His testimony got into the record after the second supplemental and amended petition was filed. For the reasons stated the testimony of Baham should not have been filed in the record and we are not going to consider this testimony in arriving at our decision on the question of liability. However, *245 we do not feel that his testimony would change the finding of this Court in this regard.
There is no question but what Mrs. Graves stopped her car, or was in the process of stopping it, in order to avoid hitting a truck in front of her. Mrs. Pierce, herself, testified both in her direct testimony and in her discovery deposition that Mrs. Graves stopped the Cadillac in order to avoid hitting the truck in front of her. The testimony shows that Mrs. Graves was approximately 75 or 80 feet behind the truck and that the Baham car was approximately the same distance behind her. Mrs. Graves was able to stop the Cadillac and avoid an accident in front but could not avoid the Baham vehicle striking her from the rear.
Mrs. Graves was driving within the legal speed limit of the City of Hammond and if she had been following the truck too closely she certainly stopped in time to avoid the accident. On the other hand the Baham car could not be stopped and plowed into the Graves car from the rear. We feel that Mrs. Graves used the best judgment considering the emergency with which she was confronted and she certainly avoided an accident with the truck in front of her. She was keeping a lookout of the road in front of her and did not look back. We are satisfied from the evidence that Mrs. Graves did not have time to give any signal other than stepping on her brakes and letting the brake lights take care of the situation. She was confronted with a sudden emergency and she acted accordingly, and we fail to see where she is guilty of any negligence.
The case of Pupillo v. Eakin, La.App., 147 So.2d 441, holds as follows:
"(2) The conclusion is inescapable that Eakin's stoppage was neither sudden nor abrupt. Nor do we find that his failure to extend his hand indicative of his intention to stop, if in fact he failed in that regard, was sufficient to constitute negligence on his part, inasmuch as Mrs. Pupillo observed defendant's brake lights when they flashed on, but, nevertheless, continued forward as he reduced his speed and brought his vehicle to a stop.
* * * * * *
"(4) As to the safety of the operation of motor vehicles proceeding in the same direction, the general rule is that the driver of a car in the rear must exercise reasonable care to keep a safe distance behind the vehicle ahead, and must have his vehicle well in hand to avoid injury to the car ahead so long as such car is being driven in accordance with traffic regulations. 5 Am. Jur., p. 656, `Automobiles,' § 280.
"(5) The highway upon which this accident occurred is shown by the record to be a very busy one, and it is not unusual for cars traveling thereon to become involved in what was designated as `a line of traffic.' When vehicles accumulate and are proceeding in a line along the highway, it is the duty of each driver to so regulate the speed of his own vehicle and the distance at which he follows another, and to maintain such lookout and to keep his vehicle under such control, as to meet the usual traffic developments. Gandy v. Arrant, La.App.2d Cir., 1951, 50 So.2d 676.
"The safest rule which seems possible to formulate is one which requires the driver of the car to the rear of another to maintain such speed and such distance from a forward car as to be able to meet the usual and ordinary movements of a car using the highway. Adams v. Morgan, La.App. 1st Cir., 1937, 173 So. 540."
Another case in point is Phillips v. Henderson, La.App., 200 So. 192, in which the Court held:
"The rule is well settled in this state that a motorist, faced with an emergency not of his making, may not be convicted of actionable negligence because *246 he errs in judgment in suddenly adopting a course intended to avert or reduce the apparent consequences of an impending danger. In such circumstances, he is not expected to exercise that accuracy of decision and resolution which would be required if acting calmly and deliberately."
See also Betz v. Tibo, La.App., 195 So. 372; Gandy v. Arrant, La.App., 50 So.2d 676; Ray v. State Farm Mutual Insurance Co., La.App., 152 So.2d 566; Rhea v. Daigle, La.App., 72 So.2d 643; Blashfield's Cyclopedia of Automobile Law and Practice Section 751.
The rule of the road in regards to following vehicles is provided in LSA-R.S. 32:81 which reads as follows:
"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."
We, therefore, feel that the Lower Court erred in holding Mrs. Graves guilty of negligence, and that her negligence was the proximate cause of the accident.
Defendant Baham filed no answer to any of the proceedings herein. He has taken no appeal so therefore that portion of the judgment which is against Baham cannot be disturbed.
The Hartford Accident & Indemnity Company by a third party petition brought in Baham and sought a judgment against him for the damages to the Cadillac owned by L. B. Aldridge, Jr., because of the subrogation clause.
The Lower Court rejected this demand and we believe rightfully so. LSA Article 1111 CCP reads as follows:
"The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.
In such cases the plaintiff in the principal action may assert any demand against the third party defendant arising out of or connected with the principal demand. The third party defendant thereupon shall plead his objections and defenses in the manner prescribed in Articles 921 through 969, 1003 through 1006, and 1035. He may reconvene against the plaintiff in the principal action or the third party plaintiff, on any demand arising out of or connected with the principal demand, in the manner prescribed in Articles 1061 through 1066."
If a judgment had been rendered against Hartford on the main demand of the plaintiff we believe Hartford would be entitled to a judgment against Baham. Baham under our finding given above would be liable to the plaintiff for the principal demand or any part of it. We do not feel that a third party defendant can be brought in under a different cause of action, namely the subrogation claim of Hartford against Baham for the damages suffered by Aldridge, its insured for his car.
Plaintiff filed an answer to the appeal on July 30, 1965. The record was filed in this Court on June 22, 1965. LSA Article 2133 CCP provides that an answer to an appeal must be filed within fifteen days after the return date or the date on which the transcript is filed, whichever is later. The return date for the appeal was June 25, 1965. Since the answer was filed on July 30, 1965 it was filed too late and this Court is unable to consider it.
For the foregoing reasons it is ordered that the judgment of the Lower Court against the defendants, Hartford Accident & Indemnity Company and Central Mutual Insurance Company, be reversed and plaintiffs' demands against these two defendants *247 be rejected, and this suit is dismissed as far as they are concerned at plaintiffs' costs. In all other respects the judgment of the Lower Court is affirmed.
Reversed in part, and affirmed in part.