No. 3830

Second Circuit

———

PARNELL v. SNEED & SNEED ET AL.

———

(July 5, 1930. Opinion and Decree.)

———

J. B. Crow, of Shreveport, attorney for plaintiff, appellee.

Lyons & Prentiss, of Shreveport, attorneys for defendants, appellants.

ODOM, J. This is a damage suit arising out of a collision which took place between plaintiff's automobile and a truck owned by defendants and operated by one of their servants. Plaintiff's automobile was damaged, and he sues for the amount thereof. He makes the usual allegations that the collision was due solely to the fault and negligence of plaintiff's driver. The defense is that the driver of the truck was guilty of no negligence whatsoever, but that the collision was due solely to the fault and negligence of the plaintiff. The trial judge rendered judgment in favor of plaintiff, as prayed for, and defendants prosecute this appeal.

The testimony in this case is so conflicting, so contradictory, and so irreconcilable that we feel impelled to follow the conclusions reached by the trial judge. Indeed, the case presented by the record is such that if the district judge had rendered judgment for defendant, we would feel fully warranted in affirming it. There are about the same number of witnesses on each side and their testimony on material points, on matters about which the witnesses could not have been mistaken, is so conflicting that we must necessarily conclude that some of them testified falsely. The trial judge, before whom these witnesses testified, having had an opportunity to hear them and observe their attitude before the court, was in better position than we are to determine the question of their veracity.

The collision between plaintiff's automobile and defendants' truck took place in the daytime on Texas street in the city of Shreveport at a point where Grand avenue enters that street. Plaintiff was driving south on the right-hand side of Texas street; defendants' truck was being driven in the opposite direction on the other side of the street. Grand avenue enters Texas street from the west. When the defendants' truck driver reached a point on the east side of that street, opposite Grand avenue, he turned to the left across the street to enter Grand avenue, going west. He made the turn about the time plaintiff's automobile was passing on the opposite side. The testimony of all the witnesses and the physical facts show that defendants' truck ran against plaintiff's automobile. The plaintiff and his witnesses, some of whom were present and saw the collision, stated that defendants' truck driver turned across the street without stopping and without giving any sign or warning of his intention to make the turn. If their testimony is to be believed, the truck driver was guilty of the grossest kind of negligence. On the other hand, the truck driver, and several witnesses introduced by defendants, testified that the driver stopped at a point opposite Grand avenue, held out his hand before turning, and proceeded slowly across the street to the opposite side where the collision took place. Therefore, as already stated, there is an irreconcilable conflict in the testimony. If it be conceded that the witnesses are of equal credibility, we would be in serious doubt as to who was responsible for the collision.

However, a careful reading of the testimony of at least two of defendants' witnesses, shows that they were considerably mixed on some of the facts. One of defendants' witnesses, named Reaux or Renau, testified positively that he witnessed the accident, yet he told members of the police force immediately after the collision took place that he did not see it and refused to have his name used as a witness. The case was tried some months later, and without telling defendants or

any one else that he saw the accident, on the night before the trial he happened to meet one of the defendants, or rather the wife of one of them, who was discussing the trial which was to take place on the following day, and at that time Reaux or Renau informed the party that he was a witness to the accident. He testified that he was a friend and neighbor of these defendants. All this suggests that his statement that he witnessed the accident and knew all the details was an afterthought. Not only that, his testimony as a whole shows that he exaggerated, or at least made statements that were wholly unreasonable. The truck driver also contradicted himself on some material points. For instance, plaintiff testified that at the time of the collision the truck driver made the statement that the collision was due to his own fault and that he would pay the damage. Two other persons testified that they heard him make the statement. As a witness, he denied that he had made any such statement. There is also serious conflict between the testimony of the plaintiff and Mr. Sneed, one of the owners of the truck, in that plaintiff testified that Sneed had agreed to pay all damage, while Mr. Sneed testified that he made no such agreement. Mr. Sneed, however, did state that he had agreed to pay one-half of the damage.

Taking into consideration the physical facts and placing a reasonable construction on the testimony as a whole, it is our conclusion that plaintiff discharged the burden of showing that the collision was due to the truck driver's fault. That was the conclusion of the trial judge and we cannot say that he manifestly erred in his judgment. The judgment is affirmed, with costs in both courts.