50 So.2d 676 (1951)
GANDY et al.
v.
ARRANT et al.
No. 7593.
Court of Appeal of Louisiana, Second Circuit.
February 8, 1951.
Rehearing Denied March 2, 1951.
*677 Graydon K. Kitchens, C. W. Cook, Minden, for appellants.
Enos C. McClendon, Jr., Minden, Jackson, Mayer & Kennedy, Shreveport, for appellees.
KENNON, Judge.
Plaintiffs, Harold Gandy and his insurer, seek in this suit to recover $357.84, allegedly expended to repair damage done to Gandy's automobile when struck from the rear by a vehicle driven by defendant, T. E. Arrant. Gandy alleged that on the day of the accident, he was driving his Nash automobile eastward in a line of traffic on U. S. Highway 80; that while so proceeding at a speed of approximately twenty miles per hour, the cars in front of him slowed down; that the car immediately in front of him stopped suddenly; that he applied his brakes and succeeded in timely stopping his car, which was then struck from the rear by a Hudson car driven by defendant, Arrant.
The petition further recited that a truck owned by defendant, Harold Livingstone, was leading the above mentioned column of cars, and was racing a truck coming from the opposite direction in an attempt to reach and cross a narrow bridge on the highway, but at the last instant this driver abandoned the race and suddenly slammed on his brakes, causing a Chevrolet car behind this truck (and immediately in front of plaintiff Gandy) to stop suddenly, in turn causing plaintiff Gandy to stop suddenly and to be placed in position to be struck by defendant Arrant, and that the action of the truck driver in so stopping caused a chain of reaction which resulted in the damage to the Gandy vehicle.
Specifically the petition charged that defendant Arrant was driving his car at an excessive speed; that he was following plaintiff's car more closely than was prudent under existing conditions; that he failed to keep a proper lookout ahead; that he did not have proper brakes and failed to make timely use of his brakes.
An exception of no cause of action was sustained as to the defendant Livingstone, owner of the truck in lead of the line of traffic, and referred to the merits as to defendant Arrant, who in answer admitted the occurrence of the collision at the time and place set forth in the petition. The answer further set forth that defendant's Hudson automobile was in good condition, with its brakes in working order; that the defendant had his automobile under control and was keeping a proper lookout as it proceeded eastward on the highway; that the plaintiff, in his *678 Nash automobile, passed the Hudson, and was forced to slow down on account of a line of traffic ahead; that after the Livingstone truck and a Chevrolet car ahead of plaintiff Gandy stopped, Gandy failed to control his car and ran same into the rear of the Chevrolet directly ahead of him, and that defendant Arrant, because of the sudden emergency created by Gandy in so stopping, was unable to stop before colliding with the Gandy Nash. As plaintiff in reconvention, defendant Arrant asked for judgment against Gandy for the damage done his own automobile. In the alternative, in the event the Court should find Arrant to be negligent, Arrant pleaded that the above described acts of negligence on the part of Gandy constituted contributory negligence and constituted a legal bar to plaintiffs' recovery.
The District Court rendered judgment rejecting the demands of plaintiffs and the demands of defendant in reconvention. Plaintiffs appealed from that judgment and also from the judgment maintaining the exception of no cause or right of action filed by the owner of the lead truck.
We find the following facts. At approximately noon on February 2, 1950, a beverage truck owned by defendant Livingstone was driving east on U. S. Highway 80, followed by a Chevrolet automobile whose driver was not identified in the record. The Nash automobile of Harold Gandy was next in line. It was in turn followed by defendant Arrant's Hudson. As it reached the west end of a narrow bridge, the Livingstone truck came to a rather sudden stop in order to yield right-of-way over the bridge to a truck coming from the opposite direction. The stop of the beverage truck was not so sudden but that the Chevrolet driver was able to stop before colliding with the rear of the beverage truck. Defendant Arrant's contention is that plaintiff Gandy ran into the rear of the Chevrolet before stopping. However, the preponderance of the testimony is that plaintiff Gandy succeeded in stopping his Nash before striking the Chevrolet in front of him. There is no question but that defendant Arrant failed to stop his Hudson until after he had crashed into the rear of the Gandy Nash and caused the damage described in plaintiffs' petition.
The highway upon which this accident occurred is a busy one, and it is not unusual for cars traveling on same to become involved in what plaintiffs' petition describes as a "line of traffic." When such a line of vehicles is proceeding along the highway, it is the duty of each driver to so regulate the speed of his own automobile and the distance at which he follows the vehicle ahead, and to maintain such a lookout and keep his vehicle under such control as to meet the usual traffic developments.
A prudent person, traveling the highway, who becomes one link in a line of vehicles, must necessarily be on the alert, observing the car ahead and the general traffic situation in front. In the case before us, had defendant Arrant been alert and observant of traffic conditions ahead, he could and would have observed the stopping of the Livingstone truck, which was larger than the following Chevrolet and Nash passenger vehicles. Evidently the Chevrolet driver immediately behind the truck was alert as this vehicle came to a timely stop. Likewise the plaintiff's Nash, the third car in line, was brought to a stop without crashing into the vehicle ahead. Had defendant Arrant been keeping a proper lookout ahead, he likely would have noted the existence of the bridge, the presence of the truck approaching from the opposite direction, and surely would have noted the stopping of the beverage truck and the successive stops of the Chevrolet and Nash automobiles, and would have had sufficient time to have brought his own vehicle to a stop before crashing into the rear of plaintiff's car. Arrant's failure to successfully stop his car indicates that he was guilty of one or more of the acts of negligence charged in plaintiffs' petition. Either he was following the plaintiff's car more closely than was reasonable and prudent, having due regard to the speed of the preceding vehicle and traffic conditions, or he was not keeping a proper lookout ahead and failed to apply his brakes seasonably, *679 or he was driving his car at an excessive rate of speed under the circumstances. Arrant was guilty of negligence in crashing into the rear of plaintiff's vehicle, and we think it is of no consequence that the record does not establish definitely whether his failure to timely stop his vehicle was due to his neglect to keep a proper lookout ahead, his neglect to promptly apply his brakes, or to his following too closely the car of Harold Gandy in view of his own speed and the traffic situation generally. The record does establish that the collision was due either to one or to a combination of two or more of these specific acts of negligence above set forth.
Having found that the defendant Arrant was guilty of negligence, we next consider whether the record supports defendant's plea that the plaintiff was guilty of contributory negligence.
The answer charges that plaintiff was following closely behind the preceding Chevrolet and that when this car came to rest behind the stopped truck, plaintiff ran into the rear of the Chevrolet. Our appreciation of the testimony, including that of defendant himself, is that plaintiff Gandy succeeded in stopping his car before striking the Chevrolet ahead, and that since he was able to timely stop his car, he was not following to closely, as alleged in the answer. The following quotation from defendant Arrant's testimony shows that he endeavored to be fair in his testimony as to whether Mr. Gandy drove into the rear of the Chevrolet: "Q. Did Mr. Gandy strike the Chevrolet automobile in front of him before you hit him? A. I really believe he did. It was so close. At the time I hit him he hit the ChevroletIt was close. I really believe he hit the Chevrolet before I hit him."
Mr. Gandy testified positively that he did not strike the Chevrolet before he was struck by Mr. Arrant. As noted above, defendant himself conceded that "it was close," and did not testify too positively that plaintiff struck the Chevrolet before his own car was hit from the rear. We conclude that defendant did not meet the burden of establishing contributory negligence on the part of the plaintiff by the preponderance of the testimony.
We agree with the District Judge that the petition did not set forth a right of action as against the operator of the Livingstone truck. There is no allegation that it was being operated at an excessive speed. The only negligence complained of is that the truck was brought to a sudden stop at the west end of the bridge and that this action caused the cars which followed to stop suddenly. The fact that the Chevrolet immediately behind the truck was brought to a successful stop, and the fact that plaintiff Gandy brought his own car to a stop before striking the Chevrolet ahead of him, alike indicate that the action of the truck driver was not so sudden as to precipitate trouble for an alert driver following in rear. The petition recites that the sudden stopping of the Livingstone truck by its driver was made necessary in order to avoid entering on a bridge which had been preempted by a truck coming from the opposite direction. Taking the entire circumstances recited in the petition into consideration, the facts related do not constitute actionable negligence on the part of the driver of the truck. Consequently, the District Court correctly sustained the exception of no right of action filed by the owner of the truck.
Plaintiffs in petition invoked the doctrine of res ipsa loquitur, but since they have not urged the applicability of this doctrine in brief before this Court, and in view of the facts disclosed by the record, we will consider that they have abandoned this plea.
The judgment appealed from is affirmed insofar as it sustains the exception of no cause or right of action filed by the defendant, Harold Livingstone, and insofar as it rejects the reconventional demand of defendant, T. E. Arrant. The judgment is set aside insofar as it rejects the demands of plaintiffs against the defendant, T. E. Arrant, and judgment is now rendered in favor of plaintiff, Service Fire Insurance Company, and against the defendant, T. E. Arrant, in the sum of $307.84, with 5% per annum interest from judicial demand *680 until paid, and in favor of plaintiff, Harold Gandy, and against the defendant, T. E. Arrant, in the sum of $50, with 5% per annum interest from judicial demand until paid. Costs of appeal to be borne onehalf by plaintiffs and one-half by defendant, T. E. Arrant. Other costs to be borne by defendant, T. E. Arrant.