GLADNEY, Judge.
This appeal is from a judgment of the City Court of Bossier City, Louisiana, sustaining an exception of no cause and no right of action and permitting plaintiff ten days within which to amend his petition. As amendment was not made we assume plaintiff elected to stand on his original petition as filed and appeal to this Court.
The sole question for decision here presented is the correctness of the judgment. The exception actually is one of no cause of action and we shall refer to it as such. It asserts that plaintiff’s petition affirmatively discloses such contributory negligence by plaintiff as should effectively bar recovery.
The rule, generally speaking, is that contributory negligence is a special defense which cannot be pleaded on an exception of no cause of action, but the rule has its exception. In Dodge v. Bituminous Casualty Corporation, App.1949, 214 La. 1031, 39 So.2d 720-721-722, the Supreme Court had this to say:
“As a general rule, contributory negligence being a special defense cannot be pleaded on an exception of no cause of action, since negligence is a question of fact which must be determined by a trial on the merits. There is, however, an exception to this general rule. For example, if the inference can be drawn from the-facts alleged by the plaintiff showing him to have been guilty of contributory negligence, this negligence can be determined as a matter of law by the judge. McMahon,. *911 Exception of No Cause of Action in Louisiana, 9 T.L.R. 17, 22 (1934). The first clear rule on this suhj ect was formulated in Gibbs v. Illinois Central R. Co., 169 La. 450, 125 So. 445. In that case the court held that an exception of no cause of action based on plaintiffs contributory negligence should not be maintained unless the facts alleged by the plaintiff show affirmatively that he was guilty of negligence and that such negligence was the proximate cause of the accident. This rule places the determination of each case on a trial on the merits rather than on paper pleadings. A decision on the exception of no cause of action is not a fair way to determine the rights of litigants, since the facts alleged in each case raise several problems materially affecting those rights which can 'best be solved by the hearing of evidence in the case.
“In West v. Ray, 210 La. 25, 26 So.2d 221, 224, the Court stated:
“ ‘We conclude therefore that an affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based.’ ”
From the relevant portion of plaintiff’s petition hereafter quoted, it is to be observed that the collision giving rise to this suit occurred when plaintiff was in the act of passing the last of three vehicles, a truck owned by defendant’s assured, when the truck attempted a left turn into the intersecting street without giving a signal. Plaintiff alleged:
“That on April 12, 1951 your petitioner was the owner of a 1948 model Chrysler Coupe automobile which automobile he was driving on said date when at about the hour of 11:00 A.M. he was involved in a collision with a truck owned by the Mitchell Construction Company, Inc. and insured by the Employers Liability Assurance Corporation, which collision occurred on Barksdale Boulevard at the intersection of Waller Street in Bossier City, Louisiana in the following manner, to-wit:
“That just prior to the occurrence of the accident your petitioner was driving his automobile south on Barksdale Boulevard and as he approached Waller Street he sounded his horn as a signal to overtake a vehicle traveling ahead of him.
“That after sounding his horn as a signal to overtake the cars ahead of him, your petitioner pulled to his left side of the street and increased the speed of his automobile so as to overtake the vehicle ahead of him 'but he found that there were three cars ahead of him traveling close together so that it was necessary for him to overtake all three cars instead of just one and so he proceeded to attempt to do so.
“That as he was abreast of the first car ahead of him he again sounded his horn so that the driver of the second car ahead of him pulled further to his right in order to allow your petitioner to pass and when your petitioner reached a point where he was abreast of the second car ahead of him and approximately thirty-five (35) feet behind the truck owned by Mitchell Construction Company, Inc., proceeded to make a left turn from his lane of travel on Barksdale Boulevard heading into Waller Street without any signal whatsoever.
“That in an effort to avoid a collision, your petitioner veered his automobile to the left trying to turn into Waller Street so as to avoid a collision with the Mitchell Construction Company, Inc. truck but the driver of the Mitchell Construction Company, Inc. truck continued turning to his left so that the front of petitioner’s car struck the left side of the Mitchell Construction Company truck at a point on Waller Street a few feet east of Barksdale Boulevard.”
In the instant case the State Highway Regulatory Act, LSA-R.S. 32 T to 32:380, imposed certain responsibilties on the drivers of the respective vehicles, and particularly section 233 thereof relating to the duty of overtaking and passing vehicles, and sections 235 and 236 governing the turning of a vehicle on the highway and the giving of signals for turning.
Inter alia, section 233 requires an overtaking vehicle to give audible and sufficient warning of the intention to overtake or pass a vehicle proceeding in the same direction and provides in sub-paragraph E: *912 “The ■ driver of a vehicle shall not, under any circumstances, overtake or pass another vehicle proceeding in the same direction at any railroad grade crossing or any intersection of the highway, unless permitted or instructed to do so 'by a duly authorized traffic or police officer.”
Among the provisions of Section 235 is the diréction contained in sub-section A: “The driver of any vehicle on the highways of this state shall ascertain, before turning around upon any highway, that there is no traffic, vehicular or pedestrian, approaching from either direction which will be unduly delayed and shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless the way is clear.”
Section 236 of the act describes the method of giving the several signals and requires (subsection A) that: “The driver of any vehicle upon a highway of this state, before starting, stopping or turning from a direct line shall first see that such movement can be made in safety, * * * and, whenever the operation of any other vehicle may be affected by such movement, shall give a signal as required in this Section, plainly visible to the driver of such other vehicle, of the intention to make such movement. * * * ”
The correctness of the judgment appealed from can only stand upon, and the case is so argued, a conclusive inference flowing from the allegations of the petition that the passing of another vehicle at an intersection contrary to the provisions of Section 233, supra, constitutes contributory negligence that should bar recovery. Such a conclusion must be reached without evidence where posed in the exception of no cause of action. Violations of traffic statutory regulations may, and frequently do constitute negligence, yet such a violation need not have causal connection with the resulting accident. A motorist in passing another vehicle at an intersection can, when the evidence relieves him of the primary wrongful act, recover damages, and consequently is entitled to present all relevant facts which pertain to the accident. Thus in the following cases the execution of a left turn was held to be a proximate cause of the accident when a collision occurred with the overtaking and passing vehicle: Dietrich & Wiltz v. H. T. Cottam & Company, Inc., 1929, 9 La.App. 740, 120 So. 262; Parnell v. Sneed & Sneed, App.1930, 14 La.App. 108, 129 So. 389; Van Baast v. Thibaut Feed Mills, La.App. 1933, 151 So. 226; Newton v. Independent Exploration Company, La.App.1937, 171 So. 875; McDonald v. Zurich General Accident and Liability Insurance Company, Ltd., La.App. 1946, 25 So.2d 923; Home Insurance Company v. Warren, La.App. 1947, 29 So.2d 551; Parker v. Home Indemnity Company of New York, La.App.1949, 41 So.2d 783; Toney v. Burris, La.App.1950, 45 So.2d 438; and Myers v. Maricelli, La.App. 1951, 50 So.2d 312.
Contained in the petition is the allegation that the truck “proceeded to make a left turn from his lane of travel on Barksdale Boulevard heading into Waller Street without any signal whatsoever”. The reference is given simply as an indication that where there are several acts of negligence including the passing of a vehicle at an intersection the latter may not be the proximate cause of the ensuing collision, and the Court may find in favor of the passing vehicle. Not infrequently the last clear chance is involved.
We have carefully reviewed the authorities presented by appellant and do not consider the cited cases as necessarily controlling in this instance.
Hollabaugh-Seale Funeral Home, Inc. v. Standard Accident Insurance Company, 1949, 215 La. 545, 41 So.2d 212, 215, turned upon the speed of the overtaking car, the Court saying: “Such a rate of speed of travel was hazardous under the circumstances obtaining in this case, that is, where-the driver was attempting to overtake and pass a slower moving vehicle at an intersection.”
Similarly, Thorgrimson v. Shreveport Yellow Cabs, Inc., La.App.1935, 161 So. 49, involved a question of speed and failure to keep a proper lookout, as well as the act of the cab in attempting to pass the two cars preceding him at an intersection. Gandy v. Arrant, La.App.1951, 50 So.2d 676, 678, in our opinion, presented a factual *913 situation unlike that alleged in appellant’s petition.
We have concluded that the exception should he overruled and the case remanded for trial in order to accord plaintiff full opportunity to present his evidence, and disclose, if he can, facts establishing actionable negligence.
The exception of no cause or- right of action is, therefore, overruled, the judgment appealed from is reversed, and the cause remanded for further proceedings, not inconsistent herewith. Appellee is to be taxed with costs of this appeal.
KENNON, J., not participating,