AYRES, Judge.
This is an action in tort wherein plaintiffs, husband and wife, seek to recover damages —she for personal injuries and he for property damage and medical expenses incurred for treatment of his wife.
The injuries and damages were allegedly sustained in a collision between plaintiffs’ automobile, operated at the time by the wife, accompanied by three minor daughters, and the vehicle of the defendant, Eakin, who as the driver, was accompanied by two companions.
The collision is characterized as a rear-end collision in which plaintiffs’ automobile struck the rear of defendant’s car. The accident occurred about 8:15 a. m. on May 3, 1960, on the Shreveport-Barksdale Highway, a 4-lane main thoroughfare having two traffic lanes for travel in each direction, separated by a neutral ground.
Defendant and his two companions were members of the United States Air Force stationed at Barksdale Air Force Base. On the morning of the accident, they left the *443 base about 8:00 a. m. en route over the aforesaid highway to a hospital to make blood donations. They were traveling in a westerly direction. Mrs. Pupillo left the family residence on Shreve Island, approached the highway from the south, entered the service road, and then finally crossed the eastbound traffic lanes of the main highway and turned westerly on the westbound traffic lanes. Both cars thus continued in a westerly direction with plaintiffs’ vehicle in the rear. In that manner, they proceeded for some distance at a moderate rate of speed. Their movement was governed by traffic signals, some of which were green and others red.
There is some discrepancy in the testimony as to the passage under the last light preceding the accident. Defendant claims that he continued without stopping, whereas plaintiffs’ following vehicle was required to stop. Mrs. Pupillo asserts, however, that she did not stop, but followed defendant’s vehicle through the intersection.
The scene of the impact was about 300 feet west of the aforesaid intersection. A car ahead of defendant’s vehicle stopped so that the occupants could make some inquiries of workmen nearby. The right-hand traffic lane in which Eakin and Mrs. Pupillo were traveling was thereby blocked. On seeing this obstruction, defendant decelerated his speed, applied his brakes, and came to a stop within 10 to 15 feet of the stationary vehicle. Mrs. Pupillo, however, continued forward, notwithstanding that her passage was blocked, as aforesaid, and struck defendant’s vehicle from the rear.
On the question of liability, plaintiffs rely upon the charge that defendant suddenly brought his vehicle to an abrupt stop in the path of their oncoming car without signaling or warning her of his intention to do so. This, defendants deny and show that Mrs. Pupillo’s negligence in not keeping a proper lookout or maintaining control of her vehicle was the sole cause of the accident, or, in the alternative, a contributing cause. This question of liability was resolved in favor of the defendant. Oral reasons were assigned by the trial court.
Hence, by reference to the instant record, we are uninformed as to whether defendant’s primary or alternate defense was sustained. But, by reference to the judgment in the case of Pupillo et al. v. Eakin et al., 147 So.2d 445, consolidated with the instant case for trial, it is obvious that Eakin was exonerated of any negligence. The judgment therein rejected plaintiffs’ demands as to Eakin and his insurer. However, there was judgment against the insurer of plaintiffs’ vehicle, obviously indicative of a finding that Mrs. Pupillo’s negligence was the proximate and sole cause of the accident.
Plaintiffs’ appeal from the judgment herein presents foremost the question of fault on the part of Eakin, and his own, as well as his insurer’s, liability.
No question is presented as to the correctness of the legal propositions submitted by the opposing litigants. For instance, while plaintiffs rely upon a statute and ordinance providing that the driver of any vehicle upon a highway of this State or upon a street in the City of Shreveport, before stopping or turning from a direct line, shall first see that such movement can be made in safety (LSA-R.S. 32:236, subd. A), defendants take comfort from the provisions requiring that a motorist shall not follow another vehicle more closely than is reasonable and prudent, with regard to the speed of such vehicle and the traffic upon and the condition of the highway (LSA-R.S. 32:234), as well as from the rule, well settled in the jurisprudence, that a motorist is under a constant duty to be on the alert and to keep and maintain a proper lookout.
The question is, therefore, which of the aforesaid rules has application to the facts of this case. The issue is thus narrowed to a question of fact. There is no doubt that defendant Eakin brought his vehicle to a stop behind another automobile, the occupants of which are unknown. After *444 Eakin brought his car to a stop, for a period of time, the duration of which is disputed, his car was struck from the rear by the Pupillo automobile.
Nor is there any question why Eakin stopped his car. The car with the unknown occupants had stopped in his lane of travel, blocking his passage. It is equally clear that he did not bring his car to a sudden or abrupt stop. In stopping, he was not required to apply his brakes, as aforesaid, with such force as would skid his wheels. On the other hand, Mrs. Pupillo saw the brake lights on the Eakin car when he begun to reduce his speed preparatory to stopping. Nevertheless, she did not stop; nor did she apply her brakes sufficiently to skid her car. If her failure to thus take adequate precautions was due to a lack of time and distance within which such action could have been taken, obviously she was following the forward car too closely. Such failure would constitute negligence.
Mrs. Pupillo testified she never saw the first car stopped, blocking the movement of defendant’s vehicle. No reason has been assigned for her failure in this respect. The car was stopped in the traffic lane and, had she been keeping a proper lookout, she could have seen the same. This, we think, is particularly true inasmuch as the accident occurred in a long, gradual curve of the highway to Mrs. Pupillo’s right.
The conclusion is inescapable that Eakin’s stoppage was neither sudden nor abrupt. Nor do we find that his failure to extend his hand indicative of his intention to stop, if in fact he failed in that regard, was sufficient to constitute negligence on his part, inasmuch as Mrs. Pupillo observed defendant’s brake lights when they flashed on, but, nevertheless, continued forward as he reduced his speed and brought his vehicle to a stop.
We, therefore, find no error in the conclusions reached by the trial court exonerating Eakin from any liability. Negligence of Mrs. Pupillo constituted, in the opinion of the trial court, the sole cause of the accident. We find no basis for disagreement. She was following the forward car too closely at a time when traffic was heavy. She did not maintain a proper lookout nor sufficient control of her car.
As to the safety of the operation of motor vehicles proceeding in the same direction, the general rule is that the driver of a car in the rear must exercise reasonable care to keep a safe distance behind the vehicle ahead, and must have his vehicle well in hand to avoid injury to the car ahead so long as such car is being driven in accordance with traffic regulations. 5 Am.Jur., p. 656, “Automobiles,” § 280.
The highway upon which this accident occurred is shown by the record to be a very busy one, and it is not unusual for cars traveling thereon to become involved in what was designated as “a line of traffic.” When vehicles accumulate and are proceeding in a line along the highway, it is the duty of each driver to so regulate the speed of his own vehicle and the distance at which he follows another, and to maintain such lookout and to keep his vehicle under such control, as to meet the usual traffic developments. Gandy v. Arrant, La.App. 2d Cir., 1951, 50 So.2d 676.
The safest rule which seems possible to formulate is one which requires the driver of the car to the rear of another to maintain such speed and such distance from a forward car as to be able to meet the usual and ordinary movements of a car using the highway. Adams v. Morgan, La.App. 1st Cir., 1937, 173 So. 540.
We conclude that Mrs. Pupillo’s acts did not fulfill these rules of safety.
The judgment appealed is, accordingly, affirmed at plaintiffs-appellants’ cost.
Affirmed.