AYRES, Judge.
This is a companion case to that of Pupillo et ux. v. Eakin et al., La.App., 147 So.2d 441.
In the instant case, plaintiff, as the father of two minor daughters, Lia and Stella Pupillo, aged 11 and 6 years, respectively, and as the administrator of their estates, seeks to recover, on their behalf and for their benefit, damages for the injuries sustained by them in the accident described in the opinion of the companion case.
After trial, there was judgment in favor of plaintiff and against the defendant, Northern Insurance Company of New York, for the sum of $618.50 for medical expenses, and for the use and benefit of Stella Pupillo in the sum of $150.00, and for the use and benefit of Lia Pupillo in the sum of $3,000.00. Plaintiff’s demands against the defendants, Eakin and his insurer, Louisiana Underwriters of American Indemnity Company, were rejected.
From the aforesaid judgment, the defendant, Northern Insurance Company of New York, appealed, both suspensively and devolutively. Plaintiff appealed devolu-tively from that portion of the judgment rejecting his demands against Eakin and his insurer. Additionally, plaintiff answered the appeal of the Northern Insurance Company of New York, and prayed for an increase in the award for the minor, Lia Pupillo.
The correctness of the award in favor of the minor, Stella Pupillo, is not questioned *446 by either plaintiff or defendants. The question of liability of the defendant, Northern Insurance Company of New York, and of the nonliability of the defendants, Eakin and his insurer, was resolved in the companion case.
Accordingly, there remains for consideration only the question of the quantum of the award as to the minor, Lia Pupillo, and the correction of a mathematical error in the computation of plaintiff’s award for medical expenses. Plaintiff contends that the award in favor of the minor is insufficient, while defendants insist that it is excessive.
By force of the impact, Lia Pupillo, who was seated on the front seat of the car, was thrown against the dashboard, her front teeth sustaining the force of the impact. Two upper front teeth and one of the lower front teeth, denominated, respectively, the upper right and upper left central incisors and the lower right central incisor, were fractured. The latter was more severely damaged than the others. The pulp was removed and the cavity filled. This condition is generally referred to as a “dead tooth.” It is problematical as to whether the others will remain vitalized. However, it appears, from the expert testimony, that, because of these fractures, all three teeth must, in time, be fitted with porcelain jackets in order to conceal discolorations that will eventually result. This child suffered severe pain for a brief period of time, and pain of a lesser degree thereafter, the duration of which was not definitely established; and discomfort and inconvenience for a considerable period extended even to the trial of the case two years following the accident. In the course of treatment of her teeth, the services of Drs. A. Lane Ellison, J. Garnett Yearwood, Jr., and Walter T. Colquitt were procured. Nineteen visits to the office of Dr. Colquitt alone were necessary during the process of treatment.
The possibility of further and continued difficulty with these teeth and for continued treatment over a period of years, and possibly their removal, was made a subject of conjecture. This, we deem insufficient as a basis for serious consideration of an increase in the award.
From our review of the record, we find no basis for disagreement with the award as ■made. The award, in our opinion, was adequate and sufficient.
For the reasons assigned, the judgment appealed is amended by correcting the award for medical expenses to read $618.00 and, as thus amended, it is affirmed at defendants-appellants’ cost.
Affirmed.