YARRUT, Judge.
This is an appeal by Defendants, Toye Brothers Yellow Cab Company and Anthony Marino, a driver for the Cab Company, from a judgment in favor of Plaintiffs, Earle J. Staehle and his subrogated insurer, State Farm Mutual Insurance Company, for $1,376.12 property damage to Staehle’s automobile. Hereafter, reference to Plaintiff will be to Earle J. Staehle alone; and reference to Defendant will be to Anthony Marino alone. The damages were stipulated ; the only issue is liability.
This suit arose from a three-car “chain reaction” collision which occurred April 18, 1964, at approximately 3:00 a. m. at the intersection of Airline Highway and Arnouldt Street in Jefferson Parish. All three vehicles were proceeding in a southerly direction on Airline Highway. The first vehice was a taxicab driven by Defendant; the second, a DeSoto operated by Manuel Alcocer; and the third, a Corvette driven by Plaintiff. Only three witnesses testified : the Plaintiff, the Defendant and the investigating officer. Both parties agree that each attempted in vain to contact the operator of the second vehicle.
Defendant testified his taxicab was struck at a red light near the M. A. Green Shopping Center by a Buick automobile which he pursued for three-quarters of a mile in the center traffic lane; that, as the Buick reached the Arnouldt Street intersection, it turned to the right; that he braked his cab, turned toward the right and was almost or completely stopped straddling the right and center lanes on Airline Highway when he was struck from the rear. He further testified that he was traveling 10 to 15 miles an hour before he stopped and, just prior to the collision, noted there was a DeSoto stopped behind him. The only discrepancy between the investigating officer’s testimony and that of Defendant is that the investigating officer testified the Defendant told him he had been traveling in the left or neutral ground lane when he veered to the right, whereas Defendant testified he had been traveling in the center lane.
With regard to his interrogation of the second driver who, as stated above, was not available at the trial, the officer testified that this driver gave him the following statement: “He stated that the cab had come over its lane and he applied his brakes and the next thing he knew he was hit from the rear and knocked into the cab.” The second driver did not state whether or not he was stopped at the time of the collision. The officer further testified that there were no skid marks behind either the taxicab or the DeSoto but that there were 40 feet of skid marks behind Plaintiff’s automobile which still struck the DeSoto with enough force to cause heavy damage to the front end of Plaintiff’s automobile.
Plaintiff testified he was traveling 40 miles per hour and possibly 45 (in a 40-mile-per-hour zone) when he attempted to pass the DeSoto which was going between 30 and 40 miles per hour; that he was unable to pass because Defendant’s taxicab passed him on the left; that he was about three or four car-lengths behind the De-Soto when he noticed the brake lights go on, at which time he applied his brakes and attempted to veer into the left lane in which there was no traffic, but still hit the De-Soto. He further testified he had consumed three or four Bourbon highballs in the one-and-a-half to two-hour period before the accident. When asked if he had applied his brakes, after the cab passed him on the left and he was closing the gap between his car and the DeSoto, Plaintiff answered that he did not apply his brakes but merely took his foot off of the gas. Op the crucial question of whether or not the DeSoto had stopped prior to the collision, he testified in the following manner. In his first explanation of how the accident occurred he said:
“ * * * he [the Defendant] pulled over in front of this automobile that I was going to pass when everything came to á halt in front of me, the DeSoto, *214 Dodge, whatever it was, stopped so I tried to get around the car, make an evasive action around the car, and I couldn’t.” (Emphasis added.)
Shortly thereafter he testified:
“ * * * I was sort of watching the vehicles to a little degree here and they, the Buick made a right hand turn and the taxicab pulled in front of the DeSoto and by this time I had no place to go when they all stopped on me.” (Emphasis added.)
Although he later testified that he had no idea whether or not the DeSoto had stopped, when the Court asked him, “Did you say it [the DeSoto] appeared to stop,” he replied, “Looking at it from the position I was looking at it, yes, it did. It would appear to have stopped.”
Considering Plaintiff’s testimony as a whole, it would appear there is no evidence to contradict Defendant’s testimony that the DeSoto had been able to stop behind his taxicab. Furthermore the investigating officer’s testimony that there were no skid marks behind either the taxicab or the De-Soto would indicate they both made non-emergency stops. Moreover, according to the officer, the driver of the DeSoto stated he was hit from the rear and knocked into the cab, indicating he had not hit Defendant’s vehicle initially, but was pushed into it by Plaintiff’s automobile.
Assuming Defendant was negligent in pulling over from his lane in pursuit of the Buick, we find Plaintiff was contributorily negligent. The only evidence available preponderates to the effect that the second car was able to stop behind Defendant’s vehicle without hitting it. There is the testimony of the Defendant to this fact; Plaintiff’s statements that the DeSoto was stopped; plus the physical evidence of lack of skid marks behind the DeSoto.
According to our jurisprudence, where other vehicles are able to stop behind the lead car, the last car which precipitates the chain reaction collision is negligent. Billiot v. Noble Drilling Corp., 236 La. 793, 109 So.2d 96; Pupillo v. Eakin, La.App., 147 So.2d 441; Gandy v. Arrant, La.App., 50 So.2d 676. This rule was set out in the syllabus in Gandy v. Arrant, supra, as follows:
“Where two automobiles following truck were stopped in time to avoid collisions when truck was stopped suddenly in order to yield right of way across narrow bridge to truck from opposite direction, failure of driver of third automobile to stop in time to avoid collision with rear of automobile in front of him established that driver was negligent in failing to keep a proper lookout, failing to apply brakes seasonably or following automobile ahead too closely in view of his own speed and the traffic situation generally, and it was immaterial that record did not establish definitely which of the several acts of negligence caused collision.”
From the record we conclude: (1) Although the driver of the lead car made an abrupt right turn from his own lane, the middle car which was traveling between 30 and 40 miles an hour was able to stop without leaving skid marks; and (2) That the Plaintiff’s vehicle which was closing the gap with the second car was either following too closely or did not keep a proper lookout for the traffic in front of him. We find the trial judge erred by failing to find that Plaintiff was contribu-torily negligent. Therefore, the judgment of the lower court is reversed; Plaintiffs to pay all costs in both courts.
Judgment reversed.