J^DENNIS R. BAGNERIS, SR., Judge.
Sandra and Joseph Lucas appeal a trial court judgment granting an exception of prescription brought by the defendant, The Blood Center. At issue is the trial court’s application of the three-year preemptive period set forth in La.R.S. 9:5628, which provides a special prescriptive period for medical malpractice actions, to the Lucas’ claim against The Blood Center. For the following reasons, we reverse and remand to trial court for trial.

FACTS

On January 24, 2000, Mr. and Mrs. Lucas filed a lawsuit against The Blood Center and Tenet Health System Hospitals, Inc., formerly known as National Medical Enterprises, Inc. d/b/a/ St. Charles General Hospital (“St. Charles General ■ Hospital”), alleging that a blood transfusion Mrs. Lucas received on March 28, 1986 caused her to contract the hepatitis C virus. In the lawsuit, the Lucas’ allege that Mrs. Lucas was informed for the first time on February 5, 1999 that she had hepatitis C.
Both defendants filed exceptions of prescription. The record does not contain a resolution on the alternative exception of prescription/exception of prematurity filed by St. Charles General Hospital, and this exception is not the subject of this appeal. The trial court held a hearing on the prescription exception | ¡.submitted by The Blood Center, and, by judgment of July 2, 2001, granted the exception and dismissed the Lucas’ claims against The Blood Center.
Mr. and Mrs. Lucas filed a motion for new trial and/or reconsideration. The trial court denied the motion for new trial on July 19, 2001. Mr. and Mrs. Lucas appeal the judgments granting The Blood Center’s exception of prescription and denying their motion for new trial and/or reconsideration.

DISCUSSION

On appeal, Mr. and Mrs. Lucas argue that the trial court erred in granting the exception of prescription because at the time Mrs. Lucas had the transfusion, La. R.S. 9:5628 did not cover Community Blood Centers. This assignment of error involves only a question of law. See Miller v. Southern Baptist Hospital, 00-1352 (La.App. 4 Cir. 11/21/01), 806 So.2d 10.
Appellate courts review questions of law by determining whether the trial court’s decision was legally correct or incorrect. Id. p. 10, 806 So.2d 10, citing Jim Walker Homes, Inc. v. Jessen, 98-1685 (La.App. 3 Cir: 3/31/99), 732 So.2d 699. If the trial court’s decision is based on its erroneous application of law, rather than on the valid exercise of discretion, its *271 decision is not entitled to deference by the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). When an appellate court finds that a reversible error of law was made in the lower court, it must redetermine the facts de novo from the entire record and render a judgment on the merits. Miller, supra; Lasha v. Olin Corp., 625 So.2d 1002 (La.1993); Hardy v. Blood. Systems, Inc., 2001-0134 (La.App. 3 Cir. 5/2/01) 794 So.2d 13.
In 1986, when Mrs. Lucas had the blood transfusion containing the allegedly contaminated blood, La.R.S. 9:5628 provided:
13A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
This statute was amended in 1990 to include the phrase “or community blood center or tissue bank as defined in La. R.S. 40:1299.41(A).” It states in part:
No action for damages for injury or death against any ... hospital duly licensed under the laws of this state, or community blood center or tissue bank as defined in La. R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
The Blood Center’s exception of prescription was based upon the three-year prescriptive period of La.R.S. 9:5628. Although the parties do not dispute that Mrs. Lucas filed her claim less than one year after discovering her condition, The Blood Center contended, and the trial court apparently agreed, that her claim had nevertheless prescribed because she filed her lawsuit more than three years after her transfusion. Mr. and Mrs. Lucas argue that La.R.S. 9:5628 cannot be applied to The Blood Center based on the sale or administration of blood or blood products occurring before September 7, 1990, the date that “Community Blood Center” was added to the list of enumerated healthcare providers in the statute. If La.R.S. 9:5628 is not applicable, then the general tort prescriptive period would apply-
| ¿Two appellate courts have reviewed this issue and concluded that La.R.S. 9:5628 did not apply to claims against blood centers if the transfusions at issue occurred prior to when the statute was amended to specifically include community blood centers. See Hardy v. Blood Systems, Inc., 01-0134 (La.App. 3 Cir. 5/2/01), 794 So.2d 13, writs denied 2001-1395 and 2001-1928 (La.1/11/02), 807 So.2d 234 and Williams v. Jackson Parish Hospital, 31,492 (La.App. 2 Cir. 1/13/99), 729 So.2d 620, writ denied 99-0458 (La.4/1/99), 742 So.2d 558. We find the reasoning in these cases sound and persuasive.
In addition to these two cases, Mr. and Mrs. Lucas also rely upon the recent Supreme Court decision in Williams v. Jack *272 son Parish Hospital, 2000-3170 (La.10/16/01), 798 So.2d 921. When the Second Circuit affirmed the trial court ruling regarding the inapplicability of La.R.S. 9:5628 to the blood center defendants, the appellate court also remanded the case for an evidentiary hearing on whether La.R.S. 9:5628 was unconstitutional as it related to the defendant hospital. After the case went back to the Second Circuit, the Supreme Court decided to review the case, explaining:
Although we granted certiorari to address the constitutionality of La. R.S. 9:5628 as it applies to individuals with diseases that have latency periods in excess of three years, we find that this matter can be resolved on a statutory construction basis. We hold that plaintiffs action in strict products liability arising out of a defective blood transfusion is not within the scope of § 5628 and therefore has not prescribed. Our contrary holding in Boutte v. Jefferson Parish Hospital Service District No. 1, 99-2402 (La.4/11/00), 759 So.2d 45, is overruled.
798 So.2d at 923.
Although the Supreme Court’s review of the Williams case involved a different issue concerning La.R.S. 9:5628, the court’s analysis of the appropriate | ^principles of interpreting prescriptive statutes, statutory construction in general, and the legislative history of La.R.S.9:5628 are all instructive in the instant case in which application of La.R.S.9:5628 arises in a different, although parallel, context. Holding that the plaintiffs action in strict products liability arising out of a defective blood transfusion was not within the scope of La.R.S. 9:5628 and was therefore not prescribed, the court summarized its decision as follows:
... [W]e are satisfied that our abandonment of Branch’s [Branch v. Willis-Knighton Medical Center, 92-3086 (La.4/28/94), 636 So.2d 211] traditional medical malpractice analysis in favor of Boutte’s expanded approach was wrong. The interpretive “vacuum” Boutte filled by referencing the MMA [Medical Malpractice Act] should have been filled by following Branch. We overrule Boutte and hold that Branch correctly concluded that all pre-1982 (pre-blood shield statutes) claims against hospitals in strict products liability arising out of defective blood transfusions (DeBattista [v. Argonaut-Southwest Insurance Co., 403 So.2d 26 (La.1981) ] claims) are not traditional medical malpractice claims and thus are not governed by § 5628, but rather are governed by Article 3492. Given the district court’s conclusion, affirmed on appeal, that Williams’ claim was filed within one year of discovery, it has not prescribed. To the extent that Williams’ complaint alleges separate claims based on traditional medical malpractice grounds, such claims are prescribed.
798 So.2d at 932.
The Supreme Court, nonetheless, referenced the blood center defendants in footnote 3, noting “These two defendants are not governed by [Section] 5628 because that statute was not amended to include blood centers until 1990, which was after Williams’ blood transfusion.” Williams, 798 So.2d at 924. The Supreme Court decision is also pertinent to our discussion because The Blood Center, in its exception of prescription, relied solely upon the Boutte case, which was overruled in Williams. In response to this assigned error, The Blood Center basically relies upon Shortess v. Touro Infirmary, 520 So.2d 389 (La.1988) to support its argument that La.R.S. 9:5628 applies to the claim against The Blood Center in this | ficase. In Shortess, the court determined *273 that the plaintiffs claim against a blood bank resulting from a 1980 transfusion was timely. Although the court noted that the claim was filed within three years of the transfusion and cited La.R.S. 9:5628, the holding that the claim was timely was based upon the doctrines of “contra non valentum” and “excusable ignorance” which the court found had prevented the plaintiff from knowing the true source of the tainted blood until less than one year before suit was filed.
The Shortess decision provides little support for The Blood Center’s argument because the decision does not stand for the proposition that La.R.S. 9:5628 is applicable to claims against blood banks in all instances. Indeed, in its decision in Williams, the Supreme Court briefly discussed the Shortess case and noted in footnote 10 that the reference to La.R.S. 9:5628 in Shortess was dicta.
Considering only the issue of whether La.R.S. 9:5628 is applicable to claims against a blood center before September 7, 1990; the relevant jurisprudence convinces us that the trial court erred in granting the exception of prescription brought by The Blood Center.
We also find merit in the second assignment of error addressed by Mr. and Mrs. Lucas, that is, whether their claim against The Blood Center is timely under La.R.S. 9:5628.1, which provides in part:
A.No action for damages against any healthcare provider as defined in this Section, whether based upon negligence, products liability, strict liability, tort, breach of contract, or otherwise, arising out of the use of blood or tissue as defined in this Section shall be brought unless filed in a court of competent jurisdiction within one year from the date of the alleged cause of action or other act, omission, or neglect, or within one year from the date that the alleged cause of action or other act, omission, or neglect is discovered or should have been discovered; however, except as provided in Subsection B, even as to actions filed within one year from the date of |7such discovery, in all events such actions shall be filed at the latest within three years from the date of the act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged cause of action or other act, omission, or neglect occurred. However, with respect to any cause of action or other act, omission, or neglect occurring prior to July 1, 1997, actions against any healthcare provider as defined in this Section, must, in all events, be filed in a forum of competent jurisdiction on or before July 1, 2000. The three-year period of limitation provided in Subsection A of this Section is a peremptive period within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, shall not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any healthcare provider as defined in this Section, whether based on strict liability, products liability, tort, breach of contract or otherwise arising out of the use of blood or tissue as defined in this Section, the prescriptive and peremptive periods shall be governed exclusively by this Section.
(Emphasis added.)
The Supreme Court, in Williams, discussed this statute, stating:
In 1999, the Legislature expressly addressed for the first time the applicable prescriptive period governing claims arising out of defective blood transfusions by enacting La. R.S. 9:5628.1. That *274 statute provides a special one-year prescriptive and three-year peremptive period for liability arising out of the “use of blood,” which liability includes causes of action based on “products liability” and “strict liability” arising out of defective blood transfusions. Designated as a remedial statute, § 5628.1 is retroactive; however, the Legislature provided two exceptions: (i) for those claims filed within the “window of opportunity” provided in the Act, and (ii) for pending claims. The latter exception is set forth in the Act, which declares that this new legislation “shall not affect any legal proceedings filed prior to the effective date of this Act.” 1999 La. Acts No. 539 § 2. While Williams’ pending claim was not affected by this 1999 legislation, this new legislation is relevant, as explained below, in that it further supports overruling Boutte.
798 So.2d at 928. Unlike the claim in Williams, the Lucas’ claim against The Blood Center in the instant case falls within the “window of opportunity” | identified in the statute and makes the claim timely under La.R.S. 9:5628.1. The Blood Center offers no argument against this conclusion.
The third error assigned by Mr. and Mrs. Lucas involves a challenge to the constitutionality of La.R.S.9:5628 as applied in this case. Considering our decision to reverse the trial court judgment, which granted The Blood Center’s exception of prescription, this assignment of error is moot. Therefore, we will not address this assignment except to note that the record contains no indication that the trial court adjudicated this issue, which would make the issue not properly before us in any event. See Williams v. Jackson Parish Hospital, 31,492 (La.App. 2 Cir. 1/13/99), 729 So.2d 620, 623-24.
Accordingly, for the reasons given, we reverse the trial court judgments granting the exception of prescription in favor of The Blood Center and remand for trial. The claim by Mr. and Mrs. Lucas against The Blood Center is timely.

REVERSED AND REMANDED FOR TRIAL.