DONNA DUCOTE
v.
DELMA L. MURRAY, CHERYL SAIA AND ALLSTATE INSURANCE COMPANY
No. 2009-CA-0394
Court of Appeals of Louisiana, Fourth Circuit.
August 5, 2009
Not Designated for Publication
MICHAEL C. GINART, Jr., RICHARD A. TONRY, KIM C. JONES, CULLEN A. TONRY, JEREMY K. LEE, LAW OFFICE OF TONRY & GINART, LLC Counsel for Donna Ducote
PAUL A. TABARY III, ELIZABETH R. BORNE, DYSART & TABARY, L.L.P. Counsel for Allstate Insurance.
Court composed of Judge MURRAY, Judge KIRBY, Judge LOVE.
TERRI F. LOVE, Judge
This appeal arises from a collision involving three automobiles. The trial court found the middle automobile thirty-three percent liable for the accident when the driver testified that she was at a complete stop prior to the collision. We find that the trial court committed manifest error by holding the driver of the middle car liable and reverse.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On November 10, 2004, Donna Ducote ("Ms. Ducote") was driving on St. Bernard Highway in Chalmette, Louisiana. Ms. Ducote was driving the lead automobile and was stopped at a red light. The second automobile was operated by Cheryl Saia ("Ms. Saia"), who was insured by Allstate Insurance Company ("Allstate"). The third automobile, operated by Delma L. Murray ("Mr. Murray"), who was not insured at the time of the accident, struck Ms. Saia's automobile, which then struck Ms. Ducote's automobile.
Ms. Ducote filed a petition for damages against Mr. Murray, Ms. Saia, and Allstate. Allstate filed an exception of prescription, which the trial court denied. Following a brief bench trial, the trial court awarded Ms. Ducote damages as follows:

General damages: $15,000
Special Damages: $3,600
__________________________________
TOTAL: $18,600

The trial court held Mr. Murray sixty-seven percent liable and Ms. Saia/Allstate thirty-three percent liable. Allstate filed a motion for a new trial because the original judgment was rendered against Ms. Saia although she was not served and alleged that no testimony proved the alleged negligence of Ms. Saia. The trial court amended the judgment to hold Allstate thirty-three percent liable as the insurer of Ms. Saia. Allstate's suspensive appeal followed.

STANDARD OF REVIEW
Appellate courts review findings of fact using the manifest error or clearly wrong standard. Arias v. Stolthaven New Orleans, L.L.C., 08-1111, p. 5 (La. 5/5/09), 9 So. 3d 815, 818. "When the factual findings are based on the credibility of witness testimony, the appellate court must give great deference to the fact finder's decision to credit witness testimony." Kees v. Kees, 08-0124, 08-0125, p. 7 (La. App. 4 Cir. 8/13/08), 992 So. 2d 568, 571. However, "[t]o substantiate reversal, the appellate court must find from the record that there is no reasonable factual basis for the finding of the trial court and that the record establishes that the finding is clearly wrong (manifestly erroneous)." Watts v. Watts, 08-0834, pp. 2-3 (La. App. 4 Cir. 4/8/09), 10 So. 3d 855, 857-58.
If the trial court's holding is based on the erroneous application of law, then the appellate court must review the record using the de novo standard. Lucas v. Tenet Health Sys. Hosp., Inc., 01-2219, p. 2 (La. App. 4 Cir. 5/1/02), 818 So. 2d 269, 270-71.

MS. SAIA'S ALLEGED NEGLIGENCE
"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." La. R.S. 32:81(A). The "driver of a following vehicle must keep his vehicle under control, follow at a safe distance and carefully observe the forward vehicle; and if a rear-end accident occurs the driver of the following vehicle is generally presumed to be negligent." Coates v. Marcello, 235 So. 2d 162, 163 (La. App. 4th Cir. 1970). The burden then shifts to the driver of the following automobile to "exonerate herself from any negligence." Dolmo v. Williams, 99-0169, p. 3 (La. App. 4 Cir. 9/22/99), 753 So. 2d 844, 846. However, "where other vehicles are able to stop behind the lead car, the last car which precipitates the chain reaction collision is negligent." Staehle v. Marino, 201 So. 2d 212, 214 (La. App. 4th Cir. 1967).
Ms. Ducote testified at trial, "all I remember is somebody ran into me." She stated that she does not remember if there were one or two impacts or if there was any skidding. On cross examination, she testified that she did not remember stating in her interrogatories[1] that the only reason Ms. Saia struck her was because Mr. Murray struck Ms. Saia. Additionally, on cross, she blamed the police for her contradictory deposition testimony, stating that Ms. Saia struck her because Mr. Murray struck Ms. Saia so hard. Finally, she testified that she now does not remember how the accident happened.
Ms. Saia testified that her automobile was stopped at the red light approximately one-half car length behind Ms. Ducote when Mr. Murray struck her and caused her to "bump" Ms. Ducote. She reiterated and emphasized that her automobile was at a complete stop.
The trial court found Ms. Saia thirty-three percent at fault because it found Ms. Ducote to be a credible witness. The trial court also stated that Ms. Saia should have taken necessary precautions to stop a safe distance away from Ms. Ducote.
However, a review of the record reveals that Ms. Saia met her burden of overcoming the presumption of negligence. Ms. Saia testified that her automobile was at a complete stop at least a half a car length behind Ms. Ducote prior to the impact of Mr. Murray's automobile. Ms. Ducote, on cross examination, was confronted with the fact that she stated, in her answers to Allstate's interrogatories, that the only reason Ms. Saia struck her automobile was because Mr. Murray struck Ms. Saia in the answers to Allstate's interrogatories. Although, in her deposition, Ms. Ducote tried to blame this recitation of the facts the police, it was again reinforced that she initially stated that the cause of the accident was Mr. Murray. At trial, Ms. Ducote claimed that she no longer remembered how the accident happened. Accordingly, we find that the trial court committed manifest error in attributing thirty-three percent of the fault for the accident to Ms. Saia, as the record is devoid of evidence of her negligence.

DECREE
For the above mentioned reasons, we find that the trial court committed manifest error when it found Ms. Saia thirty-three percent liable for the collision, as the record reflects that she was at a complete stop at the time of the collision. Accordingly, we reverse the decision of the trial court and find that Ms. Saia was not at fault in the accident and that Allstate, as her insurer, is not assessed liability.
REVERSED
NOTES
[1] The interrogatories referred to were propounded upon Ms. Saia by Allstate. Ms. Ducote was asked to describe the accident in her own words and she stated: "I was sitting at a red light and the car behind me hit me because the car behind her hit her so hard."